CARRIE TOBIAS, Appellant, v. EMANUEL CELLER, Respondent, and Another, Defendant.— Appeal by plaintiff from an order denying her motion to modify the demand of defendant Celler for a bill of particulars. Plaintiff does not appeal from the denial of her motion with respect to certain items in the demand. Order, in so far as appealed from, modified on the law and the facts by striking therefrom the following items: 1D, 2B, 2D, 3B, 4A, 5A, 5B, 6A, 6C, 7A, 7B, 7C, 8B, 8C, 10A, 11B, 11D, 12B, 13A, 14A, 14B, 15A, 15C, 16A, 16B, 16C, 17B, 17C, 19A, 20B, 20D, 21B, 22A, 23A, 23B, 24A, 25A, 25B, 25C, 26B, 26C, 28A, 29C, 29G, 30B, 30D, 31B, 32A, 33A, 33B, 34A, 35A, 35B, 35C, 36B, 36C, 38A, 41B, 42A, 42B, 43B, 43C, 43D, 43E, 44B, 44C, 46A. Items 1D and 29G having been eliminated, items 1E and 29H are modified so as to provide only that if the directions were given in writing, a copy thereof shall be furnished. As so modified, the order is affirmed, without costs. The bill of particulars, to the extent herein indicated, is to be served within ten days from the entry of the order hereon. No opinion. Lazansky, P. J., Hagarty, Carswell, Adel and Close, JJ., concur.

CHAUNCEY H. TOWNSEND, Appellant, v. DORA LEVY, as Administratrix, etc., Substituted in Place of EUGENE LEVY, Deceased, and NETCO THEATRES CORPORATION, Respondents.— In an action to recover damages for personal injuries, order directing the plaintiff to submit to a physical re-examination, in so far as appealed from, affirmed, with ten dollars costs and disbursements; the examination to proceed on five days' notice. No opinion. Lazansky, P. J., Carswell, Adel, Taylor and Close, JJ., concur.

ROBERT TRIFOGLIO, Respondent, v. M. & M. TRANSPORTATION Co. and MURRAY ALSTADTER, Appellants.— In an action to recover damages for personal injuries sustained by the alleged negligence of defendants in the operation of a motor vehicle, judgment for plaintiff affirmed, with costs. No opinion. Lazansky, P. J., Hagarty, Carswell and Close, JJ., concur; Adel, J., dissents and votes to reverse the judgment and to grant a new trial. In this case there is practically no dispute over liability. The controversy in the main is over the injuries sustained and the amount of compensation to be awarded therefor. It is my opinion that in such a case the court should carefully and fully explain the law and rules applicable to damages, expert testimony, injuries, pain, suffering, etc. Because I believe that the charge of the court in that respect was inadequate, and in the interest of justice, I vote to reverse the judgment and grant a new trial, with costs to abide the event.